By the Court.
The question submitted to the decision of the Court in this case is, whether there exist, under the constitution of the State, a right of appeal to this Court, from the judgments rendered by the late Superior Court, since the 30th of April 1812, the date of the approbation of the constitution by Congress.
The constitution, therefore, and the schedule annexed to it, are the instruments to be consulted for the understanding of this question.
By the one it is provided art. 4, sect. 1, that “ the judicial power shall be vested in a Supreme “ Court and inferior Courts. ” Sect. 2, declares that “ the Supreme Court shall haver appellate “ jurisdiction only, which jurisdiction shall extend “ to all civil cases when the matter in dispute “ shall exceed the sum of three hundred dollars,” And sect. 4, that “the Legislature is authori “ sed to establish such Inferior Courts as may be “ convenient to the administration of justice. ”
By the other it is said : sect. 3, that “ the “ Governor, Secretary, and Judges, and all other “ officers under the territorial government, shall “ continue in the exercise of the duties of their *3 "respective departments, until they shall be su- “ perseded under the authority oí the constitu- " tion. ”
The first question which arises is, what is the schedule with respect to the constitution, or how far are the schedule and constitution connected ?
The representatives of the people of Louisiana assembled for the purpose of laying the foundation of a State government, the establishing of a permanent constitution, and the providing for a temporary government. As in representative government considerable time is necessary to effect a change, it became necessary, in order to avoid anarchy, to create a kind of intermediate government the duration of which expires when the permanent government is organized and goes into operation. These two governments are distinct and separate; they are to succeed, the one to the other; they cannot be blended in whole nor in part.
This being understood, it is next to be considered, how the judiciary power of that temporary government was regulated by the schedule.
The convention, desirous of avoiding “ the “ inconveniences which might arise from the “ change of government,” declared that “ the “ Governor, Secretary, and Judges; and all other “ officers under the territorial government, should “ continue in the exercise’ of the duties of their *4 ” respective departments, until they should be “ superseded under, the authority of the consti- “ tution. ”
The intention of the convention, clearly manifested by the expressions of the schedule, was for a time to maintain the order of things which existed until then, “ as if no change had taken place.” The Superior Court of the late Territory of Orleans was vested with original and appellate jurisdiction ; such were the duties which it exercised, such were its powers. ' That, therefore, must be the jurisdiction in which it was continued; for it cannot be pretended that its judgments have become subject to an appeal, without admitting, that there has been an innovation and a change in that branch of the former government, that is to say, without admitting that which is expressly provided against by the schedule.
But it has been contended that the right of appeal, to the Supreme Court being secured to the citizen since the day on which the constitution was approved by Congress, all the judgments rendered since that time must be subject to it. This appears to the Court to be a forced construction of the 2d sect, of the 4th art. The right of appeal, no doubt, is guaranteed by the constitution ; but when was it to take effect ? Which were the tribunals over whose decisions the Supreme Court was to exercise the appellate jurisdiction assigned to it by the constitution ? Un *5 doubtedly those Inferior Courts which the constitution directed to be established, and which composed, with it, the judiciary powers of the State. The Superior Court was no part of that system; it had np concern with it ; its authority under the schedule was a continuation of its former jurisdiction ; it was independent of the future authorities; and its judgments must stand as irrevocable as they were under the territorial governments
Rule dismissed.